CT. ORIG.

UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

2004 JAN 13 P 1:24

U.S. DISTRICT COURT
DIST. OF MASS

| | |
|---|---|
| Susan Waters, | ) |
|     Plaintiff, | ) CIVIL ACTION NO. |
| vs. | ) 03 - 12480 NG |
| Philips Medical Systems, N.A., Inc., | ) |
|     Defendant. | ) |

FIRST AMENDED COMPLAINT
AS A MATTER OF COURSE AND DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff, Susan Waters, by her attorney, and, pursuant to Federal Rule of Civil Procedure 15(a), hereby files her First Amended Complaint As A Matter Of Course and Demand for Trial by Jury, respectfully Noting that no responsive pleading within the meaning of Rule 15(a) has been served, nor has Judgment otherwise entered in this action. As a matter of law, all prior Pleadings are deemed withdrawn upon the filing of the said Amended Pleading. Wilson v. First Houston Investment Corp., 566 F.2d 1235, 1237-38 (5th.Cir.1978); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1476 (1971); Levitch v. Columbia Broadcasting System, 94 F.R.D. 292, 294 (S.D.N.Y.1982).

In accordance with the above, Plaintiff respectfully alleges as follows:

## Jurisdiction

1. Jurisdiction is conferred by 28 U.S.C. 1331, as Count I of this action arises under the laws of the United States.

2. Jurisdiction is also conferred by 28 U.S.C. 1332, as Counts II and III of this action arise under the law of Massachusetts, there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

3. Jurisdiction of Counts II and III is further conferred by the doctrine of pendent jurisdiction and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

## Parties

4. The Plaintiff, Susan Waters, is a resident of the Commonwealth of Massachusetts.

5. The Defendant, Philips Medical Systems, is a Delaware Corporation whose principal place of business is not located in Massachusetts.

## Facts

6. In 2000, the Plaintiff, Waters, became employed as a full time salesperson for Philips.

7. Plaintiff's position throughout her tenure with Philips related to the sales and service of medical systems.

8. Throughout her tenure with Philips, Waters met or greatly

exceeded Philips' performance criteria.

9. In the year 2002, Waters was the top producing salesperson in Cardiology Sales in the United States for Philips. Waters was otherwise throughout her tenure with Philips one of its top performers, and received letters of excellence and others formal recognition for these outstanding and consistent accomplishments.

10. In May, 2003, Waters became pregnant, and, in June 2003, that fact was generally disclosed to her Philips colleagues at a Boston dinner symposium. Then present was Waters' Manager, Keating.

11. By July 2003, Waters had begun to obviously physically show with regard to the fact that she was pregnant.

12. From that point forward, it was known among Waters' colleagues and Philips Management, including Keating, that she was then pregnant.

13. On August 19, 2003, Waters received from Keating a so called "Performance Improvement Plan", which Plan falsely asserted that Water's performance was lacking in several material respects.

14. Although at the exact time of plan delivery as above Waters was marginally below her sales quota, the same is a common happenstance at Philips due to known and predictable sales fluctuations / expectations within the Philips sales force.

15. Other Philips sales associates similarly situated to Waters, male, non-pregnant female, and those for whom pregnancy or pregnancy related conditions were not then otherwise at issue, were not singled out at the time for discipline on account of false allegations of alleged performance problems, nor otherwise placed on so called "performance improvement plans" for no legitimate reason as was Waters.

16. The so called "performance improvement plan", or PIP, was delivered to Waters as a pretext to disguise Philips' intention to terminate Waters on account of her pregnancy, pregnancy related condition(s), and/or on account of the medical attention / leave associated therewith that she had requested under the federal Family Medical Leave Act and Massachusetts state law.

17. Prior to the time that the Plan was formulated by Keating, Keating had actual knowledge that Waters was pregnant and he otherwise knew or reasonably should have known therefore that she would be making the attendant pregnancy leave request when the child was born.

18. Although Philips' policy is to work with an employee such as Waters upon any indication of alleged sub-par performance, and to give at least several gradations of warnings before termination, this Policy was not followed with regard to Waters.

19. Between September 1, 2003 and Waters' termination on November 12, Keating only worked with her for one day.

20. On October 2, 2003, Keating indicated to Waters that she was preforming at the expected level. He further then indicated to Waters that the above referenced plan was not then at issue.

21. On October 2, 2003, Waters also told / requested of Keating that she still needed to work out with him the details of her upcoming pregnancy leave (so that she could tend to her newborn upon birth).

22. On November 3, Waters informed Keating that she was very likely to meet her quota. At that time, Keating was then fully aware that Waters' sales revenue had been substantially increasing for several months, further buttressing the fact that Waters would indeed likely make her year end quota.

23. Soon thereafter, Waters needed hospitalization on account of the pregnancy, and so immediately informed Keating, who then replied for her to take whatever time she needed.

24. As it turned out, and although the complication related to Waters' pregnancy, the same was stress induced.

25. After such hospitalization, Waters was ordered to have bed rest until November 12th.

26. Upon her return to work on the 12th, Waters was called in

and abruptly fired by Keating.

27. During the "meeting" at which Waters was fired, no explanation by Keating was given to Waters as to why she was being fired.

28. A so called Human Resources Manager was then put on speaker phone at the meeting, which Manager then openly admitted that the Company was fully aware that Waters was and had been pregnant.

29. The HR Manager also then falsely claimed that the so called "PIP" was "not working out", though she did not explain what that meant.

30. No indication of any so called continued sub-par performance was communicated to Waters post delivery of the plan, despite the above said promises by Keating, and despite Philips' policy to the contrary.

31. The above described conduct by Philips was in direct violation of its own written company policies regarding discrimination, pregnancy, pregnancy leave, F.M.L.A., F.M.L.A. Leave, and for Reprisal for engaging in any of these protected activities.

32. At all times, Waters met the Employer's legitimate job performance threshold, and Waters's position otherwise remained open, and/or Philips sought to fill the same, at or near Waters' termination.

33. Philips's above said acts have proximately caused Waters to lose employment income and associated benefits, to have a diminished earning capacity, to lose goodwill and standing within Philips, to suffer personal injury including emotional distress and humiliation, caused a diminution to her quality of life and dignity, and the said acts have otherwise injured her.

## COUNT I
### The Family and Medical Leave Act of 1993
### 29 U.S.C. 2601, et seq.

34) The Plaintiff adopts by reference all above allegations, and further alleges:

35) All conditions precedent to this Count, if any, have been complied with.

36) Waters is an eligible employee, as defined by 29 U.S.C. § 2611.

37) Philips is an employer, as defined by 29 U.S.C. § 2611.

38) Pursuant to 29 U.S.C. 2612(1), Waters was entitled to a total of 12 workweeks of leave due to her pregnancy, which was adequately requested.

39) The above described acts of Philips, committed by and through its authorized agents and employees, interfered with, restrained or denied the exercise or attempted exercise by Waters of the rights protected by 29 U.S.C.

2601, et seq, as respects Waters' pregnancy and her above stated pregnancy related condition(s).

40) Waters was terminated for exercising her rights under 29 U.S.C. 2601, et seq., and/or for opposing practices made unlawful by 29 U.S.C. 2601, et seq.

WHEREFORE, the Plaintiff, Susan Waters, demands Judgment against Philips Medical Systems, North America, Inc., in the amount of $300,000.00 compensatory damages, plus her lost wages, the said amounts to be DOUBLED pursuant to 29 U.S.C. 2617(a)(1)(A)(iii), together with interest, reasonable attorney's fees, and the costs of this action.

## COUNT II
### Mass. Gen. Laws c. 149 § 105D.

41. The Plaintiff adopts by reference all above allegations, and further alleges:

42. All conditions precedent regarding this Count have been complied with.

43. On account of the conduct set forth herein, Philips has violated Mass. Gen. Laws c. 149 § 105D as respects Waters' rights pertaining to pregnancy related leave.

44. The above said illegal acts were the direct and proximate cause of Waters' termination of employment with Philips.

WHEREFORE, the Plaintiff, Susan Waters, demands judgment against Philips Medical Systems, North America, Inc., in the amount of One Million Five-Hundred Thousand Dollars ($1,500,000.00) actual damages, together with reinstatement, interest, reasonable attorney's fees, punitive damages in the amount of One Million Dollars ($1,000,000.00), and the costs of this action.

### COUNT III
### Violation of Massachusetts General Laws chapter 151B

45. The Plaintiff adopts by reference all above allegations, and further alleges:

46. All conditions precedent regarding this Count have been complied with. See attached Removal papers from the Massachusetts Commission Against Discrimination, adopted by reference herein pursuant to F.R.Civ.P. 10(c).

47. he above described acts directed against Waters constitute illegal adverse actions in the terms and conditions of her employment with Philips on the basis of sex / pregnancy, and pregnancy related medical condition(s) within the meaning of M.G.L. c. 151B.

48. The above said illegal acts were the direct and proximate cause of Water' termination of employment with Philips.

WHEREFORE, the Plaintiff, Susan Waters, demands judgment against Philips Medical Systems, North America, Inc., in the amount of One Million Five-Hundred Thousand Dollars ($1,500,000.00) actual damages, together with reinstatement, interest, reasonable attorney's fees, punitive damages in the amount of One Million Dollars ($1,000,000.00), and the costs of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
Susan Waters,
By her attorney,

_____
Matthew Cobb
Law Office of Matthew Cobb
101 Tremont Street
Boston, Massachusetts   02108
(617) 357-7300
Mass. Bar No. 556677

I hereby certify that a true copy of the within document was served upon all pro se parties/ attorneys of record by hand/first class mail, postage prepaid, on _____

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000  Fax: (617) 994-6024

DEC 18 2003

## - DISMISSAL and NOTIFICATION of RIGHTS -

| To: | Matthew R. Cobb, Esq.<br>Law Firm of Matthew Cobb<br>101 Tremont St., 10th Floor<br>Boston, MA 02108 | Case: Susan H. Waters v. Philips Medical Systems, Daniel Keating, Mark Ringle<br>MCAD Docket Number: 03BEM03006<br>EEOC Number: 16CA400350<br>Investigator: Glenna Wyman |
|---|---|---|

Your complaint has been dismissed for the following reasons:

[ ] The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ] Respondent employs less than the required number of employees.

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ ] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[X] Other (briefly state) **Chapter 478 Withdrawal to Court**


_____          12/18/2003
Dorca I. Gomez                            Date
Investigating Commissioner


Cc:

Michael R. Phillips, Esq.
McGuire Woods Ross & Hardies
150 North Michigan Ave., Suite 2500
Chicago, IL 60601

## MEMORANDUM

TO:         Case File
CASE:       Waters v. Philips Medical Systems, Keating and Ringle
MCAD NO:    03BEM03006
EEOC NO:    16CA400350
FROM:       Glenna M. Wyman, Investigator
RE:         Withdrawal -- Chapter 478

**SUMMARY OF FINDINGS:**

On November 19, 2003, the Complainant filed a complaint with this Commission alleging that she was discriminated against because of her sex, female, and pregnancy, in that she was terminated in violation of M.G.L., c. 151B. § 4, ¶ 11A; c. 149 § 105D, and Title VII of the 1964 Civil Rights Act as amended.

On December 17, 2003, the Complainant, through legal counsel, requested permission to withdraw the above-referenced complaint as the Complainant wishes to file a civil court action. Complainant acknowledges that she is aware that it is unlawful for any person to coerce her into requesting this withdrawal. Therefore, it is recommended that Complainant be allowed to withdraw and that the complaint be closed as withdrawn pursuant to Chapter 478.

_____
Glenna M. Wyman
Investigator

_____
Katherine M. Martin, Esq.
Supervisor