UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN WATERS,  )<br>  )<br>        Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>PHILIPS MEDICAL SYSTEMS, N.A., INC.,  )<br>  )<br>        Defendant.  ) | Civil Action No. 03-12480 NG<br><br>Judge Nancy Gertner<br><br>Magistrate Judge Cohen |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Philips Medical Systems North America, a division of Philips Electronics North America Corp. (erroneously named herein as "Philips Medical Systems, N.A., Inc.") ("Philips"), by and through its attorneys, for its Answer to Plaintiff's First Amended Complaint, states as follows:

### Jurisdiction

1. Jurisdiction is conferred by 28 U.S.C. 1331, as Count I of this action arises under the laws of the United States.

**ANSWER:** Defendant denies the allegations contained in Paragraph 1, except to admit that jurisdiction over Count I is proper in this Court.

2. Jurisdiction is also conferred by 28 U.S.C. 1332, as Counts II and III of this action arise under the law of Massachusetts, there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 2, except to admit that jurisdiction over Counts II and III is proper in this Court and that complete diversity of citizenship exists between the Parties.

3. Jurisdiction of Counts II and III is further conferred by the doctrine of pendent jurisdiction and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

**ANSWER:** Defendant denies the allegations contained in Paragraph 3, except to admit that jurisdiction over Counts II and III is proper in this Court pursuant to 28 U.S.C. § 1367.

### Parties

4. The Plaintiff, Susan Waters, is a resident of the Commonwealth of Massachusetts.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in Paragraph 4.

5. The Defendant, Philips Medical Systems, is a Delaware Corporation whose principal place of business is not located in Massachusetts.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5, except to admit that Philips Electronics North America Corp. is a Delaware Corporation having its principal place of business in the State of New York.

### Facts

6. In 2000, the Plaintiff, Waters, became employed as a full time salesperson for Philips.

**ANSWER:** Defendant denies the allegations contained in Paragraph 6, except to admit that Plaintiff became employed by Philips upon its acquisition of Advanced Technology Laboratories, Inc. in or about 2000.

7. Plaintiff's position throughout her tenure with Philips related to the sales and service of medical systems.

**ANSWER:** Defendant denies the allegations contained in Paragraph 7, except to admit that Defendant employed Plaintiff as an Ultrasound Sales Representative.

8. Throughout her tenure with Philips, Waters met or greatly exceeded Philips' performance criteria.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8.

9. In the year 2002, Waters was the top producing salesperson in Cardiology Sales in the United States for Philips. Waters was otherwise throughout her tenure with Philips one of its top performers, and received letters of excellence and others [sic] formal recognition for these outstanding and consistent accomplishments.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9, except to admit that Waters received commendation for her sales results in 2002.

10. In May, 2003, Waters became pregnant, and, in June 2003, the fact was generally disclosed to her Phillips colleagues at a Boston dinner symposium. Then present was Waters' manager, Keating.

**ANSWER:** Defendant denies the allegations made and contained in paragraph 10, except to admit that Mr. Keating was present at the Boston dinner symposium in June 2003. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 concerning statements that Plaintiff allegedly made to co-workers and therefore denies the same.

11. By July 2003, Waters begun to obviously physically show with regard to the fact that she was pregnant.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11.

12. From that point forward, it was known among Waters' colleagues and Philips management, including Keating, that she was then pregnant.

**ANSWER:** Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and therefore denies the same, except to deny that Philips management, including Keating, knew that Waters was pregnant as of July 2003.

13. On August 19, 2003, Waters received from Keating a so called "Performance Improvement Plan", which Plan falsely asserted that Waters' performance was lacking in several material respects.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13, except to admit that, on August 18, 2003, Waters was placed on a Performance Improvement Plan.

14. Although at the exact time of plan delivery as above Waters was marginally below her sales quota, the same is a common happenstance at Philips due to known and predictable sales fluctuation / expectations within the Philips sales force.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14, except to admit that, at the time Plaintiff was placed on a performance improvement plan, she was significantly below her sales quotas.

15. Other Philips sales associates similarly situated to Waters, both male, non-pregnant female, and those for whom pregnancy or pregnancy related conditions were not then otherwise at issue, were not singled out at the time for discipline on account of false allegations of alleged performance problems, nor otherwise placed on so called "performance improvement plans" for no legitimate reason as was Waters.

**ANSWER:** Defendant denies that Plaintiff was placed on a Performance Improvement Plan or singled out for discipline on account of "false allegations of alleged performance problems" or "for no legitimate reason" and therefore denies the allegations contained in Paragraph 15.

16. The so called "performance improvement plan", or PIP, was delivered to Waters as a pretext to disguise Philips' intention to terminate Waters on account of her pregnancy, pregnancy related condition(s), and/or on account of the medical attention / leave associated therewith that she had requested under the federal Family Medical Leave Act and Massachusetts state law.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16.

17. Prior to the time that the Plan was formulated by Keating, Keating had actual knowledge that Waters was pregnant and he otherwise knew or reasonably should have known therefore that she would be making the attendant pregnancy leave request when the child was born.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

4

18. Although Philips' policy is to work with an employee such as Waters upon any indication of alleged sub-par performance, and to give at least several gradations of warnings before termination, this Policy was not followed with regard to Waters.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18.

19. Between September 1, 2003 and Waters' termination on November 12, Keating only worked with her for one day.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19, except to admit that Plaintiff failed to make any arrangements to work with Keating after receiving the Performance Improvement Plan, but that Keating nevertheless arranged to work with Plaintiff in her territory on October 2, 2003.

20. On October 2, 2003, Keating indicated to Waters that she was preforming [sic] at the expected level. He further then indicated to Waters that the above referenced plan was not then at issue.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

21. On October 2, 2003, Waters also told / requested of Keating that she still needed to work out with him the details of her upcoming pregnancy leave (so that she could tend to her newborn upon birth).

**ANSWER:** Defendant denies the allegations contained in Paragraph 21, except to admit that Plaintiff informed Keating of her pregnancy for the first time on October 2, 2003 and asked him about Defendant's policy concerning maternity leave.

22. On November 3, Waters informed Keating that she was very likely to meet her quota. At that time, Keating was then fully aware that Waters' sales revenue had been substantially increasing for several months, further buttressing the fact that Waters would indeed likely make her year end quota.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

23. Soon thereafter, Waters needed hospitalization on account of the pregnancy, and so immediately informed Keating, who then replied for her to take whatever time she needed.

**ANSWER:** Defendant is without information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 23 that Plaintiff "needed hospitalization on account of the pregnancy" and therefore denies the same. Defendant denies the remaining allegations made and contained in Paragraph 23, except admits that Plaintiff left a voicemail message for Keating on November 7, 2003 stating that her physician had ordered her to stay home for a few days and that Keating replied to Plaintiff by voicemail stating that she should do what she needed to do.

24. As it turned out, and although the complication related to Waters' pregnancy, the same was stress induced.

**ANSWER:** Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 and therefore denies the same.

25. After such hospitalization, Waters was ordered to have bed rest until November 12th.

**ANSWER:** Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and therefore denies the same.

26. Upon her return to work on the 12th, Waters was called in and abruptly fired by Keating.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26, except to admit that Defendant terminated Plaintiff's employment on November 12, 2003.

27. During the "meeting" at which Waters was fired, no explanation by Keating was given to Waters as to why she was being fired.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27.

28. A so called Human Resources Manager was then put on speaker phone at the meeting, which Manager then openly admitted that the Company was fully aware that Waters was and had been pregnant.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28, except to admit that, at the termination meeting, Plaintiff raised the fact that she was pregnant, and Cindy Olsen, a Philips Human Resources Manager who was present by telephone, acknowledged that she was aware of that fact.

29. The HR Manager also then falsely claimed that the so called "PIP" was "not working out", though she did not explain what that meant.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29, except to admit that Plaintiff was told at the termination meeting that she had failed to meet the goals set out in her Performance Improvement Plan.

30. No indication of any so called continued sub-par performance was communicated to Waters post delivery of the plan, despite the above said promises by Keating, and despite Philips' policy to the contrary.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30.

31. The above described conduct by Philips was in direct violation of its own written company policies regarding discrimination, pregnancy, pregnancy leave, F.M.L.A., F.M.L.A. Leave, and for Reprisal for engaging in any of these protected activities.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31.

32. At all times, Waters met the Employer's legitimate job performance threshold, and Waters's [sic] position otherwise remained open, and/or Philips sought to fill the same, at or near Waters' termination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32, except to admit that Philips sought to fill Plaintiff's position following her termination.

33. Philips's [sic] above said act have proximately caused Waters to lose employment income and associated benefits, to have a diminished earning capacity, to lose goodwill and standing with Philips, to suffer personal injury including emotional distress and humiliation, caused a diminution to her quality of life and dignity, and the said acts have otherwise injured her.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33.

### COUNT I
### The Family and Medical Leave Act of 1993
### 29 U.S.C. 2601, et seq.

34. The Plaintiff adopts by reference all above allegations, and further alleges:

**ANSWER:** Defendant realleges and incorporates its answers to all above allegations as its answer to Paragraph 34.

35. All conditions precedent to this Count, if any, have been complied with.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

36. Waters is an eligible employee, as defined by 29 U.S.C. §2611.

**ANSWER:** The allegations of Paragraph 36 constitute legal conclusions to which Defendant is not required to respond and Defendant neither admits nor denies the same.

37. Philips is an employer, as defined by 29 U.S.C. §2611.

**ANSWER:** The allegations of Paragraph 37 constitute legal conclusions to which Defendant is not required to respond and Defendant neither admits nor denies the same.

38. Pursuant to 29 U.S.C. 2612(1), Waters was entitled to a total of 12 workweeks of leave due to her pregnancy, which was adequately requested.

**ANSWER:** The allegations of Paragraph 38 constitute legal conclusions to which Defendant is not required to respond and Defendant neither admits nor denies the same, except Defendant denies that Plaintiff ever requested FMLA leave due to her pregnancy.

39. The above described acts of Philips, committed by and through its authorized agents and employees, interfered with, restrained or denied the exercise or attempted exercise by Waters of the rights protected by 29 U.S.C. 2601, et seq [sic], as respects Waters' pregnancy and her above stated pregnancy related condition(s).

**ANSWER:** Defendant denies the allegations contained in Paragraph 39.

40. Waters was terminated for exercising her rights under 29 U.S.C. 2601, et seq., and/or for opposing practices made unlawful by 29 U.S.C. 2601, et seq.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40.

## COUNT II

### Mass. Gen. Laws c. 149 § 105D

41. The Plaintiff adopts by reference all above allegations, and further alleges:

**ANSWER:** Defendant realleges and incorporates its answers to all above allegations as its answer to Paragraph 41.

42. All conditions precedent regarding this Count have been complied with.

**ANSWER:** Defendant denies the allegations contained in Paragraph 42.

43. On account of the conduct set forth herein, Philips has violated Mass. Gen. Laws c. 149 § 105D as respects Waters' rights pertaining to pregnancy related leave.

**ANSWER:** Defendant denies the allegations contained in Paragraph 43.

44. The above said illegal acts were the direct and proximate cause of Waters' termination of employment with Philips.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44.

## COUNT III

### Violation of Massachusetts General Laws chapter 151B

45. The Plaintiff adopts by reference all above allegations, and further alleges:

9

**ANSWER:** Defendant realleges and incorporates its answers to all above allegations as its answer to Paragraph 45.

46. All conditions precedent regarding this Count have been complied with. See Removal papers from the Massachusetts Commission Against Discrimination, adopted by reference herein pursuant to F.R.Civ.P. 10(c).

**ANSWER:** Defendant denies the allegations contained in Paragraph 46, except to admit that Plaintiff received a dismissal and right to sue letter from the Massachusetts Commission Against Discrimination.

47. he [sic] above described acts directed against Waters constitute illegal adverse actions in the terms and conditions of her employment with Philips on the basis of sex / pregnancy, and pregnancy related medical condition(s) within the meaning of M.G.L. c. 151B.

**ANSWER:** Defendant denies the allegations contained in Paragraph 47.

48. The above said illegal acts were the direct and proximate cause of Water' [sic] termination of employment with Phillips.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with the procedural prerequisites for filing suit.

### Third Defense

All actions taken by Defendant with regard to Plaintiff were lawful and were made in good faith compliance with applicable provisions of law, rules and regulations.

### Fourth Defense

Plaintiff did not suffer from a "serious health condition" as that term is defined under the FMLA and, therefore, was not eligible for FMLA leave.

### Fifth Defense

Plaintiff did not exercise or attempt to exercise FMLA rights and, consequently, Defendant cannot have retaliated against her based on the exercise of or attempted exercise of FMLA rights.

### Sixth Defense

To the extent that any act or omission of Defendant violated the FMLA, which Defendant denies, such act or omission was in good faith and Defendant had reasonable grounds for believing that it was not a violation of the FMLA.

### Seventh Defense

To the extent the regulations issued by the U.S. Department of Labor regarding the FMLA purport to provide rights greater than or different from that provided by the FMLA itself, those regulations are invalid.

### Eighth Defense

Even if it were determined that Defendant impermissibly considered Plaintiff's sex, which Defendant denies, pregnancy, pregnancy related medical condition(s), and/or attempt to take FMLA leave or any unlawful factor in its decision to take an employment action with

respect to Plaintiff, it nevertheless would have taken the same action in the absence of the impermissible motive(s), thus barring Plaintiff's claim.

### Ninth Defense

To the extent that Plaintiff asserts claims under the Mass. Gen. Laws that are outside the scope of her charge of discrimination, those claims are barred due to Plaintiff's failure to exhaust administrative remedies.

### Tenth Defense

Defendant undertook good faith efforts to comply with the Mass. Gen. Laws, including by making good faith efforts to enforce an anti-discrimination and anti-harassment policy, thus barring Plaintiff's claims for punitive damages.

### Eleventh Defense

To the extent Plaintiff suffered any damages as alleged, which Defendant denies, such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Defendant exercised no control.

WHEREFORE, Defendant, Philips Medical Systems, respectfully requests that this case be dismissed with prejudice, that judgment be entered in its favor, that it be awarded its costs and attorney's fees, and such further relief as this Court deems appropriate.

Date: January 23, 2004

Respectfully submitted,

By: _____
One of the Attorneys for Defendant,
Philips Medical Systems North America

William E. Hannum (BBO #643155)
David M. Cogliano (BBO #630158)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
(978) 623-0900 (phone)
(978) 623-0908 (fax)
hannum@shpclaw.com
cogliano@shpclaw.com


**OF COUNSEL:**
Joel H. Spitz
Michael R. Phillips
Christy E. Phanthavong
MCGUIREWOODS LLP
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601-7567
(312) 558-1000 (phone)
(312) 750-8600 (fax)

## CERTIFICATE OF SERVICE

I, David M. Cogliano, an attorney, certify that I caused a copy of the foregoing *Answer to First Amended Complaint*, to be served upon the following individual, by depositing a copy of the same in the U.S. mail at 11 Chestnut Street, Andover, Massachusetts, on the ___ day of January 2004:

Matthew Cobb, Esq.
Law Offices of Matthew Cobb
101 Tremont Street
Boston, Massachusetts 02108

_____
David M. Cogliano